UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00241 |
| | CIVIL ACTION NO. 21-0601 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| IVORY C. MYLES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Ivory C. Myles's ("Myles") Motion to Vacate, Set aside, or Correct Sentence under 28 U.S.C. § 2255. See Record Document 65. Myles seeks to have his sentence vacated under United States v. Davis, in which the United States Supreme Court held that the residual clause defining a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319 (2019). For the reasons discussed herein, Myles's Section 2255 motion is **DENIED.**

**BACKGROUND**

On July 21, 2015, at approximately 3:30 a.m., Myles, who was working at the Burger King Restaurant in Bossier City, Louisiana, entered the office in which the shift manager ("B.B.") was making "a cash drop into the safe." Record Document 68 at 3. He turned off the lights and placed a cocked .22 caliber handgun to her head. See id. He demanded that she open the safe and give him the money inside the safe. See id. While B.B. was emptying the safe, Myles stated "hurry up, I'll kill you." Id.; Record Document 42-2. He then forced her at gunpoint to empty the money from the restaurant's cash registers. See id.

After the money was removed from the safe and cash registers, Myles forced B.B. out of the restaurant at gunpoint into a car belonging to a friend. See Record Document

68 at 4. Myles sat in the backseat and directed B.B. to drive towards Texas. See id. As they travelled in Texas, on various occasions, in the car and in a hotel room, Myles raped B.B. and forced her to engage in oral sex. See id. In Houston, he released her at a bus station and gave her money to buy a ticket back to Shreveport. See id. In Beaumont, Texas, after a high-speed chase that resulted in the crash of Myles's car, and after a fifteen to twenty-minute standoff, Myles was arrested. See id.

On September 28, 2017, a federal grand jury returned a four-count Indictment charging Myles with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count 1), kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 2), interstate transportation for purpose of committing criminal sexual activity in violation of 18 U.S.C. § 2421 (Count 3), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 4). See Record Document 1. The Indictment also included a notice of forfeiture. See id. A five-count Superseding Indictment was returned on March 1, 2018, and charged Myles with the same counts as above but included the additional count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 5). See Record Document 20.

On December 13, 2018, pursuant to a written plea agreement, Myles pleaded guilty to two counts of the Superseding Indictment: Count 1, interfering with commerce by robbery in violation of 18 U.S.C. § 1951(a), and Count 4, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Record Documents 40, 41, 42. On September 23, 2019, a Pre-Sentence Investigation Report ("PSI") issued. As to Count One, with a total offense level of 28 and a criminal history category of VI, the guideline imprisonment range was 140-175 months. For Count Four, the term of imprisonment was

set by statute, which required a minimum seven-year sentence to run consecutively to any other sentence. See Record Document 53 (PSI) at ¶ 98. The PSI included a recommendation that the sentencing court consider a sentence "departing upward from the applicable guideline based on reliable information indicating the Criminal History Category does not accurately reflect the seriousness of the defendant's past criminal history or the likelihood the defendant will commit other crimes. U.S.S.G. § 4A1.3(a)." Id. at ¶ 116.

On September 30, 2019, the Court sentenced Myles to 240 months as to Count One and 120 months as to Count Four to run consecutively. See Record Document 51. The sentence was an upward departure under U.S.S.G. § 4A1.3. See id. Myles appealed his sentence. See Record Document 54. On July 17, 2020, the Fifth Circuit Court of Appeals affirmed Myles's sentence, finding that the district court did not abuse its discretion in upwardly departing. See Record Document 64. On September 8, 2020, the decision was issued as mandate. See id.

On March 8, 2021, Myles timely filed a Motion to Vacate under 28 U.S.C. § 2255. See Record Document 65. The United States filed a response in opposition to Myles's Section 2255 motion on April 30, 2021. See Record Document 68.

On January 29, 2024, Myles filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). See Record Document 70. On June 28, 2024, the Court entered an Order denying Myles's Motion for Sentence Reduction and ordering that all provisions of the Judgment dated October 7, 2019 remain in effect. See Record Document 75.

## LAW AND ANALYSIS

I. **Legal Standards**

   A. **Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255.**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164–65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raise on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

Even if a defendant cannot establish cause and prejudice, a defendant may still be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. See id. at 232; United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). To show a complete miscarriage of justice, a defendant must establish that he is factually innocent. See Flores, 981 F.2d at 236. Even in a case involving a guilty plea, to establish actual innocence, a defendant must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623–24 (1998) (citations omitted).

  B. **United States v. Davis**, 139 S. Ct. 2319 (2019).

In United States v. Davis, the United States Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319 (2019). Section 924 provides criminal penalties for "any person who, during and in relation to any [crime of violence] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Two clauses define a "crime of violence": (1) the elements clause; and (2) the residual clause. The "elements clause" defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual clause" defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. 924(c)(3)(B). Davis rendered the residual clause unconstitutional.

## II. Analysis

Myles moves to vacate or set aside his sentence under Davis. However, Myles is procedurally barred from raising Davis because: (1) he failed to raise the issue on direct appeal; (2) he failed to establish cause for failure to do so; (3) he failed to establish prejudice resulting from the error; and (4) he failed to establish actual innocence.

Davis was decided on June 24, 2019. Myles was sentenced on September 30, 2019. See Record Document 51. Therefore, Myles could have raised Davis at sentencing or on appeal but failed to do so.

Myles has not shown cause for failure to raise the claim on appeal. The "cause" standard requires the petitioner to show that "some objective factor external to the

defense" prevented him from timely raising the claims he now advances. Murray v. Carrier, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. See id. Myles fails to allege any factors that prevented him from timely raising Davis.

Myles has also failed to establish prejudice. He has not alleged any facts to show "an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233. Therefore, Myles has failed to meet the requirements to raise an issue for the first time on collateral review.

Finally, Myles did not establish actual innocence. Actual innocence means "factual innocence" and not mere legal insufficiency. Bousley, 523 U.S. at 623–24 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Myles did not claim his innocence or allege any facts that may support a finding of innocence.

## CONCLUSION

Based on the foregoing analysis, Myles is procedurally barred from raising Davis. He has failed to establish the requisite cause and prejudice and failed to establish actual innocence. Therefore, Myles's Section 2255 Motion alleging a right to relief under Davis is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to overcome the procedural bar for raising a constitutional or jurisdictional issue for the first time on collateral review.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of August, 2024.

_____
United States District Judge